IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Derrick Lamont Smith, | ) | Civil Action No. 4:09-cv-70052 |
| | ) | Criminal Action No. 4:05-cr-892 |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

PROCEDURAL HISTORY

This Matter comes before the Court on the Petitioner Derrick Lamont Smith's (hereinafter "Smith" or "Petitioner" or "Defendant") filing of a motion pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct the sentence he received after pleading guilty to one count of conspiracy to possess with intent to distribute and to distribute one kilogram or more of heroin. As the record reflects, on August 24, 2005, a federal Grand Jury returned an Indictment which charged the Defendant with one count of conspiracy to possess with intent to distribute and to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 846, and three counts of possession with intent to distribute as well as distribution of a quantity of heroin on three different occasions in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). On October 2, 2006, Petitioner pled guilty, pursuant to a plea agreement, to the conspiracy charge. On May 31, 2007, Petitioner was sentenced to the statutory minimum of 240 months imprisonment, to be followed by 10 years of Supervised Release. This Judgment was signed by the Court on June 14, 2007. (Doc. # 85).

1

Petitioner filed an appeal with the Fourth Circuit Court of Appeals. On January 22, 2008, the Fourth Circuit issued an opinion affirming the Petitioner's conviction. <u>United States v. Derrick Lamont Smith</u>, No. 07-4616 (4th Cir. 2008) (unpublished).

The Petitioner, who is represented by counsel, filed the present action on April 17, 2009, alleging several grounds for relief. (Doc. #100). The United States of America ("Government") filed its response to Petitioner's motion to vacate under 28 U.S.C. § 2255 and a motion for summary judgment on February 5, 2010. (Docs. # 105 & # 106). The Petitioner filed a response to the Government's motion for summary judgment on May 24, 2010. (Doc. #110). This matter is ready for disposition.

## 28 U.S.C. 2255

Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, 28 U.S.C. § 2255 requires Petitioner to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." This is the proof needed to allege a constitutional error. "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which

2

inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.' " Leano v. U.S., 334 F.Supp.2d 885, 890 (D.S.C. 2004)*(*quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a section 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's *pro se* motion, and finds that no hearing is necessary.

## SUMMARY JUDGMENT STANDARD

The Government filed a response and motion for summary judgment as to all grounds raised by Petitioner. (Docs. # 105 & # 106). The issue in determining a motion for summary judgment is whether there exists a genuine issue of material fact. FED.R.CIV.PRO. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce specific facts showing that there is a genuine issue for trial, rather than resting upon bald assertions contained in the pleadings. FED.R.CIV.PRO. 56; see Celotex, 477 U.S. 317. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## DISCUSSION AND ANALYSIS

The Petitioner has filed this action asserting the following claims:

I.  The Petitioner's counsel provide[d] ineffective assistance during and leading up to the guilty plea by failing to investigate the case and potential defenses and in coercing the Petitioner to enter an involuntary guilty plea.[1]

II. The government committed police and/or prosecutorial misconduct and violated the Petitioner's due process rights by fabricating evidence against him, which forced the Petitioner to enter an involuntary guilty plea.

Additionally, the Petitioner asserts that he is entitled to an evidentiary hearing on these claims.

With regards to Petitioner's first ground for relief, he alleges that defense counsel was ineffective for failing to investigate his case and potential defenses, and for coercing him into entering an involuntary guilty plea. He claims that counsel "refused to meet with [him] to discuss defenses and go over the evidence," that counsel "refused to listen to [his] claims that the

---

[1] During the pre-trial stage of the case, the Petitioner was represented by Attorney William F. Nettles of the Federal Public Defender's Office. Prior to and during the guilty plea proceedings, the Petitioner was represented by Attorney Maria Elias-Williams. At sentencing and on appeal to the Fourth Circuit, the Petitioner was represented by Attorney David Betts. Petitioner's allegations of ineffective assistance appear to concern Attorney Elias-Williams as he asserts that "[c]ounsel provided ineffective assistance during and leading up to the guilty plea ...." Accordingly, the Court's reference to counsel will be to Attorney Elias-Williams as plea counsel, unless otherwise indicated.

government agents had fabricated the amount of heroin that [he] was allegedly responsible for," and that counsel "coerced [him] into entering the guilty plea by telling him if the case went to trial the jury would believe the government's agents and not [him]." Petitioner alleges that defense counsel's ineffectiveness left him with "no other option than to accept the plea agreement offered by the government" and that, but for counsel's ineffectiveness, he would have proceeded to trial to contest the allegation that he was responsible for more than 1 kilogram of heroin, "which was a quantity that was unsupported by evidence or fact." The Government argues initially that the issue of the voluntariness of Petitioner's plea has already been litigated on direct appeal, and thus, the issue is not subject to collateral review. See Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir.), cert. denied, 429 U.S. 863 (1976). As to the merits of Petitioner's ineffective assistance of counsel claims, the Government asserts that Petitioner's allegations of deficient performance on the part of defense counsel are contrary to the record and without basis in fact, and that Petitioner fails to satisfy either prong of the test outlined in Strickland v. Washington, 466 U.S. 668 (1984). The Court will address the parties arguments in turn.

As an initial matter, the Court notes to the extent Petitioner seeks to challenge the voluntariness of his plea, Petitioner cannot relitigate this issue here on collateral review as it has already been decided by the Fourth Circuit, and there has been no intervening change in the law. A petitioner cannot ordinarily bring a collateral attack on the basis of issues litigated on direct appeal. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976), cert denied, 429 U.S. 863 (1976). An exception occurs where there has been an intervening change in the law. Davis v. United States, 417 U.S. 333, 342 (1974). In Boeckenhaupt, the Fourth Circuit has held that those claims that were decided on direct appeal may not be asserted again in collateral proceedings. Id.

5

(explaining that defendant cannot relitigate issues previously rejected on direct appeal); U.S. v. Liverman, 1999 WL 476464, *1 (4th Cir. 1999)(noting that where a petitioner fully and fairly litigated on direct appeal whether his plea was entered knowingly and voluntarily, the issue would not be subject to collateral review).  Accordingly, Petitioner cannot relitigate issues on collateral review that have already been decided by the Fourth Circuit. See U.S. v. Huffstetler, 2006 WL 3007374 *1 (D. S.C. 2006).

     On appeal, Petitioner raised the issue of whether the district court complied with Fed. R. Crim. P. 11 in accepting his guilty plea. Rule 11(b)(2) requires that the district court, prior to accepting a guilty plea, "determine that the plea is voluntary and did not result from force, threats, or promises." In affirming Petitioner's conviction and sentence, the Court of Appeals ruled: "...our review of the plea hearing transcript reveals that the court conducted a thorough Rule 11 colloquy that assured Smith's plea was made both knowingly and voluntarily." United States v. Smith, No. 07-4616, at 3. Thus, the Fourth Circuit's holding on direct review bars further consideration on collateral review of Petitioner's claim regarding the voluntariness of his plea.

     In considering the merits of Petitioner's claims of ineffective assistance, the Court finds these allegations to be without sufficient merit after full consideration of the record in this case. Petitioner's claims that defense counsel failed to conduct an adequate investigation, refused to meet with him to discuss defenses and go over evidence, and refused to listen to him, are all contradicted by Petitioner's own responses to this Court during his guilty plea hearing. During the hearing the Court addressed Petitioner personally and asked: "Have you had sufficient time to consult with your attorney?" and Petitioner responded: "Yes, sir." The Court then asked: "Are you fully satisfied with the counsel, representation and advice given to you in this case by your attorney?" and Petitioner

answered: "Yes, sir." The Court then asked: "Is there anything else you want your attorney to do for you that she has not done?" and Petitioner responded: "No, sir." Guilty Plea Transcript, p. 4. (Attached as Exhibit 2 to Doc. # 106).

Similarly, regarding Petitioner's claim that defense counsel coerced him into pleading guilty and that counsel's ineffectiveness left him with "no other option," this claim is also rebutted by the record. During the guilty plea hearing this Court asked: "Mr. Smith, has anyone attempted to force you to plead guilty ?" to which Petitioner responded: "No, sir." Guilty Plea Transcript, p. 13. Later the Court asked: "Mr. Smith, are you entering a plea today doing so of your own free will?" and Petitioner answered: "Yes, sir." Id. at 20.  Finally, the Court asked: "Are you pleading guilty to this charge because you are in fact guilty?" and Smith said: "Yes, sir." Id. at 26. The Court then found that Smith's plea was "knowing and voluntary." Id. at 27.

Petitioner also alleges that counsel "coerced the Petitioner into entering the guilty plea by telling him if the case went to trial the jury would believe the government's agents and not him;" and that she "refused to listen to the Petitioner's claims that the government agents had fabricated the amount of heroin that the Petitioner was allegedly responsible for, and otherwise did everything she could to sabotage the Petitioner's case and force him to accept a plea agreement."  The underlying allegation relevant to this claim (and also Petitioner's second ground for relief, discussed infra) is that government agents fabricated the content of his confession to them. Specifically, he contends that the agents falsely reported that Smith admitted to being involved with over one kilogram of heroin. He claims that, but for counsel's ineffectiveness, he would have proceeded to trial to contest the allegation that he was involved with more than a kilogram of heroin, "which was a quantity that was unsupported by evidence or fact." These allegations are contrary to the record.

During the plea hearing this Court described in detail the elements of the offense to which Smith was pleading. With regard to the third element the Court stated: "And three, that you distributed a quantity of the controlled substance as set forth in the indictment, specifically, one kilogram or more of heroin...." The Court then repeated the phrase, "one kilogram or more of heroin," twice more during its discussion of the elements, after which the Court asked Petitioner if he understood "the elements that comprise this offense...." Petitioner responded "[y]es, sir" to this inquiry. Guilty Plea Transcript, p. 21. During the presentation of the factual basis the Government stated that Petitioner was Mirandized and interviewed during which he "admitted to purchasing and dealing over a kilogram of heroin." Id. at p. 24. The Court then asked Petitioner if he agreed that he did what the Government said he did in his case, and Petitioner answered "[y]es, sir." Id. at. p. 24. Twice more during the plea the Court asked Petitioner specifically whether he was involved with one kilogram or more of heroin, and each time Petitioner responded: "[y]es." Id. at pp.24-26. At one point when the Court asked Petitioner to state what he did in his own words, Petitioner said: "Yes, Your Honor, I sold a kilogram of heroin." Id. at p. 25. Thus, Petitioner's responses to the Court's questions during his guilty plea, together with his agreement with the Government's statement of the factual basis, undermine any allegations regarding the veracity of the agents who took Petitioner's confession to dealing over a kilogram of heroin. Additionally, the pre-sentence investigation report (hereinafter "PSI") in this case sets forth the content of Petitioner's admission to law enforcement. The PSI, in paragraphs 20 and 21, indicates that, after being advised of his Miranda rights, Petitioner admitted to investigators that he purchased for distribution between 1.5 and 2 kilograms of heroin. At sentencing, Petitioner ultimately stated to the Court that he had no objections to the PSI. See Sentencing Transcript, p. 8. (Attached as Exhibit 3 to Doc. # 106)

This Court has carefully reviewed the entire record in this case and has considered all of the arguments and claims raised by Petitioner. In evaluating all of the claims outlined above, to the extent that they raise ineffective assistance of counsel allegations, the Court looks first at the standard for effective representation. A claim of ineffective assistance of counsel is subject to collateral review pursuant to § 2255. McCann v. Richardson, 397 U.S. 759, 771, n. 14 (1970). In order to prevail on a claim of ineffective assistance of counsel, the defendant must prove two things: one, that counsel's performance fell below an objective standard of reasonableness; and two, that counsel's deficiencies prejudiced his defense. Strickland v. Washington, 466 U.S. 668 (1984). The defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . .." Id. at 689. As the Strickland Court observed:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

Id. at 689.

Petitioner's burden as outlined above is two-pronged, and this Court is not sufficiently persuaded that he has satisfied either prong in relation to the ineffective assistance of counsel grounds raised in Petitioner's petition. In each instance discussed more thoroughly above, Petitioner

9

has made an assertion that counsel has failed to do something that Petitioner feels he should have done, however, Petitioner does not allege, nor offer persuasive argument that but for counsel's actions, the outcome would have been different. Petitioner fails to offer any factual basis to support his conclusory ineffective assistance of counsel claims. See generally U.S. v. Sprague, 2006 WL 2583766, *2 (D. S.C. 2006). In sum, this Court cannot conclude that Petitioner's legal counselor was deficient in her performance, or that Petitioner can show any resulting prejudice therefrom. See Warren v. U.S., 2010 WL 2572856, 2 (W.D.N.C. 2010)(finding that mere speculation is insufficient to support a habeas claim); See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir.1992)("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."). Accordingly, the Government's motion for summary judgment as to Petitioner's first claim for relief is granted.

As to Petitioner's second ground for relief, the Petitioner contends that "the government committed police and/or prosecutorial misconduct and violated the Petitioner's due process rights by fabricating evidence against him." Specifically, Petitioner alleges that "government agents inflated the amount of heroin [he] was allegedly responsible for in order to obtain an indictment against him charging him with more than 1 kilogram of [heroin].[2] The Petitioner argues this was an inflated amount and asserts that he was never involved with such a substantial quantity of heroin. The Government reiterates its argument that the record contradicts the Petitioner's allegations of fabrication by the Government.

---

[2]The Petitioner's brief actually states "cocaine," but the Court believes this to be a scrivener's error.

The Fourth Circuit has stated that: "[t]he test for reversible prosecutorial misconduct generally has two components:...(1) the prosecutor's remarks or conduct must in fact have been improper, and (2) such remarks or conduct must have prejudicially affected the defendant's substantial rights...". <u>United States v. Chorman</u>, 910 F.2d 102, 113 (4th Cir. 1990)(internal quotations and citations omitted). Accordingly, Petitioner must show improper conduct on the part of the Government and that he was prejudiced by such conduct. It appears that the alleged improper conduct asserted by Petitioner is that the Government fabricated evidence against him by falsely inflating the amount of heroin he admitted to dealing. As set forth more fully above, the record in this case, including Petitioner's own admissions during his guilty plea hearing and his agreement with the Government's statement of the factual basis, as well as the PSI, all establish that Petitioner was involved with more than a kilogram of heroin and that he admitted the same to the agents. This Court is not sufficiently persuaded that there has been a fabrication of evidence, and thus, cannot conclude that there has been improper conduct on the part of the Government, nor can the Court conclude that Petitioner has suffered any prejudice therefrom. Accordingly, after careful review and consideration, the Court finds Petitioner's claim of police and/or prosecutorial misconduct contained in Ground Two to be without sufficient merit. Accordingly, the Government's motion for summary judgment as to Petitioner's second claim for relief is granted.

## CONCLUSION

For all of the reasons cited above, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED**. Respondent's motion for summary judgment is **GRANTED** (Doc. # 105), and this matter is **DISMISSED**, with prejudice.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

s/ Terry L. Wooten
**TERRY L. WOOTEN**
**UNITED STATES DISTRICT COURT JUDGE**

March 11, 2011
Florence, South Carolina